| | |
|---|---|
| ANTHONY SAMUEL DILLARD, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF ALASKA, et al., <br><br> Defendants. | 3:23-cv-00219-SLG-MMS <br><br> **REPORT AND RECOMMENDATION ON PETITION [1]** |

This Court hereby issues its Report and Recommendation regarding Anthony Samuel Dillard's ("Dillard") 28 U.S.C. § 2241 Petition. Dkt. 1. For the reasons below, the petition should be **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. § 636(b)(1)(B).

## I. PROCEDURAL POSTURE

On April 14, 2023, Mr. Dillard filed a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2241. Dkt. 1. He alleged that the state court had been violating his speedy trial rights, that he received ineffective assistance of counsel, and that his due process rights under the Alaska Constitution had been violated. *Id.* at 6–7. In September of 2023, the Court issued a scheduling order on the petition. Dkt. 6. It pointed Mr. Dillard to certain deficiencies, such as naming the State of Alaska as a defendant, rather than the public official overseeing his detention, and provided for the appointment of counsel. *See*

*generally, id.* He received counsel (Dkt. 7) who subsequently filed a notice with the Court that Mr. Dillard's sentencing hearing was scheduled, potentially mooting the speedy trial argument. Dkt. 18. The Court extended the deadline to file amended pleadings, giving Dillard until August 16, 2024, to "give notice of his intent to proceed on the claims presented in his petition or give notice of voluntary withdrawal[.]" Dkt. 21.

On August 16, 2024, Mr. Dillard, through counsel, noticed the Court that he "is no longer in custody on any pending charges." Dkt. 22 at 1. He also represented that his ineffective assistance of counsel claims had not been exhausted. *Id.* As such, "the claims presented in Mr. Dillard's Section 2241 habeas petition are not available for review." *Id.* at 2. This Court agrees and recommends the dismissal of the petition without prejudice to permit Mr. Dillard to present any remaining claims should he later exhaust his state remedies.

## II. DISCUSSION

Section 2241 provides a procedural avenue for a person subject to pretrial detention by a state court order to find a venue in a federal court to assert his federal rights.[1] Because Mr. Dillard is no longer in pretrial detention, Section 2241 is not available to him.

Instead, now that he has been sentenced, Section 2254 would be the proper avenue. A petition under Section 2254 "shall not be granted unless [. . .] the applicant has exhausted

---

[1] *See*, 28 U.S.C. § 2241(c)(3); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition."), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Stow v. Murashige*, 389 F.3d 880, 885–88 (9th Cir. 2004).

the remedies available in the courts of the State" or that such process is absent or ineffective. 28 U.S.C. § 2254(b). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Mr. Dillard's counsel represents that he has not exhausted his state remedies, and a review of the Alaska Courtview records confirms this representation.[2] Because Mr. Dillard has not had the opportunity to present his substantive claims before the Court and because he has acted in good faith in notifying the Court of the deficiencies in his petition, this Court believes that his petition should be dismissed without prejudice to permit him to refile with any remaining claims should he exhaust his state remedies.

### III.  CONCLUSION

For the reasons set forth above, Dillard's Petition should be **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. § 636(b)(1)(B).

DATED this 8th day of October 2024, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the

---

[2] *See*, Alaska Courtview, https://courts.alaska.gov/main/search-cases.htm, searching for Anthony Samuel Dillard (3AN-10-08250CR); *see also Anthony v. State of Alaska*, A14401 (ongoing appeal to the Alaska Court of Appeals).

CLOSE OF BUSINESS on October 22, 2024. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo*, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on October 29, 2024. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).